**Danning Jiang, Esq. (CA BAR No. 196985)**
Djiang@jianglawgroup.com
**LAW OFFICES OF DANNING JIANG**
**271 North First Street**
**San Jose, California 95113**
**Tel.: (408) 299-0800**
**Fax: (408) 299-0300**

**Attorneys for Defendants Lee's Happy House,**
**Cindy Wong and Ivan Wong**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **YAO LUN JIANG,** )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>**LEE'S HAPPY HOUSE, CINDY WONG** )<br>**and IVAN WONG, and DOES 1-10,** )<br>)<br>Defendants. )<br>) | CASE NO.  C 07-03606-RS<br><br>**DEFENDANTS' MEMORANDUM**<br>**OF POINTS AND AUTHORITIES**<br>**IN SUPPORT OF MOTION TO**<br>**DISMISS FOR LACK OF SUBJECT**<br>**MATTER JURISDICTION AND**<br>**FOR FAILURE TO STATE A**<br>**CLAIM UPON WHICH RELIEF**<br>**MAY BE GRANTED**<br>**[FRCP 12(b)(1), 12(b)(6)]**<br><br>Dated: September 19, 2007<br>Time:   9:30 a.m.<br>Place:  280 S. First St., Courtroom 4<br>            San Jose, CA 95113<br>Judge: Hon. Richard Seeborg |

Defendants Lee's Happy House, Cindy Wong, and Ivan Wong ("defendants") submit their Memorandum of Points and Authorities in Support of Their Motion to Dismiss as followings:

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS [FRCP 12(b)(1), 12(b)(6)]     Page 1

## SUMMARY OF ARGUMENT

The complaint is based upon the federal Fair Labor Standards Act ("FLSA"), 29 USC §201, et. seq. (Complaint ¶3, 24, 25.) The complaint also contains certain state law claims which are based on the supplemental jurisdiction. However, as the defendant employer is not "an enterprise engaged in commerce or in the production of goods for commerce", this entire action must be dismissed for lack of subject matter jurisdiction. Further, the complaint fails to state a claim upon which a relief may be granted in that the annual gross revenue of defendant Lee's Happy House is less than the jurisdictional limit of $500,000. The entire action must be dismissed.

## RELEVANT FACTS

The complaint states the following relevant facts:

- Defendant Lee's Happy House is a restaurant located in Santa Clara County, California. (Complaint ¶5, 8.)
- Plaintiff was an employee of defendant Lee's Happy House, acting in the normal course and scope of employment duties. Plaintiff worked in excess of 8 hours per day and more than 40 hours per week. (Complaint ¶8, 9, 10.)
- Plaintiff was paid on a salary basis, but did not perform "exempt" duties. He was not even marginally responsible for management or administrative functions. (Complaint ¶11, 12, 13.)
- Plaintiff was an individual employee covered by virtue of Plaintiff's direct engagement in interstate commerce. (Complaint ¶24.)

However, the Declaration of Ivan Wong submitted in support of this motion reveals:

- Defendant Lee's Happy House is a small to-go restaurant located at 6187 Santa Teresa Blvd., San Jose, CA 95123. (Decl Ivan, ¶3.)
- It has about 3-5 full-time and part-time employees, including defendant Ivan Wong. Most of the employees work in the kitchen as it is a to-go restaurant. (Decl Ivan, ¶3.)
- Essentially all of its customers are local residents or people who work nearby. It

   does not provide food delivery.  (Decl Ivan, ¶4.)

- Its foods (meals) are sold to local customers who consume meals locally.  99.9% of its customers are local residents and people who work nearby.  They live or work within a 5-mile radius to the restaurant.  (Decl Ivan, ¶4, 5.)

- It has no out-of-state traveler customers.  It has never sold foods (meals) out of state.  Its foods are wrapped in the to-go boxes.  It does not sell canned or packaged foods to customers.  (Decl Ivan, ¶5, 6.)

- Defendants do not do advertising at all.  They have never had any flyers, mailings, newspapers, radio, or TV advertisement.  (Decl Ivan, ¶7.)

- Defendants order supplies, such as rice, flour, vegetable, and sources, from local vendors in the San Jose area.  They have never ordered supplies from an out-of-state vendor.  (Decl Ivan, ¶8.)

- For years 2001 to 2006, its gross income per year has never been over $400,000.  (Decl Ivan, ¶9.)

- Plaintiff worked for the restaurant as its chief chef.  He was responsible for ordering the entire kitchen supplies and monitoring the kitchen inventory.  He had independent authority to decide what supplies to order, from whom to order, how much to order, and the pricing.  He also supervised the kitchen assistants and helpers in preparing raw foods, sources, and cleaning.  He only reported to the owners.  Defendants considered plaintiff as their kitchen manager.  (Decl Ivan, ¶10.)

- As a chief chef, plaintiff was paid $2,500 per month.  In addition, the restaurant offered him three meals and housing.  (Decl Ivan, ¶11.)

**ARGUMENT**

I.  **Legal Standards regarding FRCP Rule 12(b) motions:**

1)   FRCP Rule 12(b)(1) motions:

In ruling on a motion to dismiss pursuant to Rule 12(b)(1), the court must accept as true all allegations of material facts and must construe said allegations in the light most favorable to

the non-moving party.  <u>Western Reserve Oil & Gas Co. v. New</u>, 765 F.2d 1428, 1430 (9th Cir. 1985).  Any existing ambiguity must be resolved in favor of the pleading.  <u>Walling v. Beverly Enterprises</u>, 476 F.2d 393, 396 (9th Cir. 1973).

However, these rules do not apply when the motion to dismiss is based on extrinsic evidence.  <u>William v. Tucker</u>, 645 F.2d 404 (5th Cir. 1981).  In the situation where extrinsic evidence is considered per a Rule 12(b)(1) motion, the Court may weigh and determine conflicting facts and the burden of proof is on the plaintiff, the party who invoked jurisdiction, to establish that jurisdiction is proper.  <u>Stock West Inc. v. Confederated Tribes</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).

When a state claim can be supported by alternative and independent theories, one of which is a federal law theory, that federal law theory does not attach to the state claim to establish federal jurisdiction because the federal law is not a necessary element of the claim.  <u>Rains v. Criterion Sys.</u>, 80 F.3d 339, 343 (9th Cir. 1996).

  2) <u>FRCP Rule 12(b)(6) motions</u>:

The strict standard for granting a motion to dismiss under Rule 12(b)(6) is set forth in <u>Conley v. Gibson</u>, 355 US 41 (1957).  A motion to dismiss under Rule 12(b)(6) must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would be entitled him to relief."  <u>Id</u>. at 45-46; <u>Moore v. City of Costa Mesa</u>, 886 F.2d 260, 262 (9th Cir. 1989).  In ruling on a motion to dismiss, "all material allegations in the complaint are to be taken as true and construed in the light most favorable to the non-moving party."  <u>Sanders v. Kennedy</u>, 794 F.2d 478, 481 (9th Cir. 1986); <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).

**II. The complaint must be dismissed for lack of subject matter jurisdiction as a matter of fact per FRCP Rule 12(b)(1):**

FLSA only applies to an enterprise engaged in commerce or in the production of goods for commerce.  29 USC 203(s)(1) reads in part:

```
(1)  "Enterprise engaged in commerce or in the production
     of goods for commerce" means an enterprise that –
```

>    (A)  (i)  has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
>    (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated); …

Further, case authorities defined "commerce" and distinguished between interstate commerce and intrastate commerce. "Commerce" in FLSA means interstate commerce, and not all of the activities subject to constitutional power of Congress over interstate commerce come within Act. 29 USC §215(a)(2, 5); Mitchell v. Welcome Wagon, Inc., 139 F.Supp. 674 (W.D. Tenn. 1954), 232 F.2d 892 (6th Cir. 1956).

Coverage under FLSA depends upon employee's spending a substantial portion of their time engaging in interstate commerce or regularly engaging in production of goods for interstate commerce, and that there is some small incidental interstate activity by a fundamentally intrastate business does not invoke coverage. Mitchell v. Welcome Wagon, *supra*, at 678 (citing Walling v. Jacksonville Paper Co., 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460; Hunter v. Madison Ave. Corp., 6 Cir., 174 F.2d 164, 167; Skidmore v. John J. Casale, Inc., 2 Cir., 160 S.Ct. 1205, 91 L.Ed. 1832.) The employees involved in this action are engaged in local activities neither in the channels of commerce nor closely related to the movement of interstate commerce. These employees are not engaged in commerce within the meaning of the Act. Mitchell v. Welcome Wagon, *supra*, at 679.

"Where goods are ordered and shipped in interstate commerce to meet the anticipated demands of customers without a specific order therefor from the customer and the goods come to rest in a warehouse, the interstate commerce ceases when the goods come to rest in the state. It does not continue until the demand eventuates in the form of an order and the merchandise is

delivered to the retailer." Jewel Tea Co. v. Williams, 118 F.2d 202, at 207 (10th Cir. 1941) (fn. 8, see Lipson v. Socony Vacuum Corporation, 1 Cir., 87 F.2d 265).

In this case, although the Complaint alleges certain facts, they are far insufficient to invoke the federal subject matter jurisdiction. It fails to allege plaintiff's job title and job descriptions to support it allegation that Plaintiff was a "non-exempt" employee. More importantly, it fails to allege any fact to support plaintiff's conclusion that he was an employee engaged in interstate commerce or the employer was an enterprise engaged in interstate commerce and that the employment was covered by FLSA.

The complaint alleges that defendant Lee's Happy House is a restaurant business in Santa Clara County, California. However, it fails to allege the number of employees, the gross revenue of the business, the products or services of the business, whether the productions or services were offered to out of state customers, whether the customers were primarily local or interstate travelers, etc. Plaintiff fails to introduce any of the facts as, if plaintiff did truthfully, none of the facts would support his assertion of federal subject matter jurisdiction.

On the contrary, the Declaration of Ivan presents the Court with extrinsic evidence as to each of the material facts. The business is a small local to-go restaurant. It has 3-5 full-time and part-time employees, including one of the defendants. The gross revenue of the business in the past six (6) years has never been over $400,000 per year. 99.9% of its customers are local residents or people who work nearby. It does not offer foods or meals to customers out-of-state. It orders its supplies from local vendors.

This case presents even less contact with interstate commerce than the facts in the case of Mitchell v. Welcome Wagon. There is not even "some small incidental interstate activity" in this case. The FLSA claim must be dismissed for lack of subject matter jurisdiction per FRCP Rule 12(b)(1) and 29 USC 203(s)(1).

**III.    The complaint must be dismissed as plaintiff can prove no set of facts in support of his claim which would be entitled him to relief per FRCP Rule 12(b)(6):**

The complaint fails to allege the time frame when plaintiff was employment by defendants. Even we take all the material allegations contain in the complaint to be true,

plaintiff still cannot prove a set of facts in support of his claim which would be entitled him to relief.

As demonstrated in the Declaration of Ivan and argued above, defendant Lee's Happy House has made less than $400,000 per year in the past 6 years. Pursuant to 29 USC 203(s)(1), Lee's Happy House cannot be an enterprise engaged in commerce or in the production of goods for commerce. FLSA is not applicable to this particular defendant. Therefore, the complaint fails to state a claim upon which a relief can be granted.

**IV.    If the FLSA claim is dismissed, the Court should also dismiss the state claims brought upon the supplemental jurisdiction.**

It is the court's discretion to adjudicate state law claims solely brought under the supplemental jurisdiction after a federal claim is dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which a relief can be granted. Carnegie-Mellon Univ. v. Cohill (1988) 484 U.S. 343, 350, 108 S.Ct. 614, 619, fn. 7.

In this case, as plaintiff's employment did not even contain "some small incidental interstate activity" and defendant is not an enterprise subjects to FLSA, the Court should not only dismiss the FLSA claim with prejudice, but also dismiss the state law claims without prejudice. The Court should decline to exercise the supplemental jurisdiction.

**CONCLUSION**

Defendants respectfully move the Court to grant this motion to dismiss for lack of subject matter jurisdiction. Defendants respectfully request the federal FLSA claim be dismissed with prejudice and the state law claims be dismissed without prejudice. Defendants respectfully request the entire action be dismissed without leave to amend.

Date: August 6, 2007                **LAW OFFICES OF DANNING JIANG**

By: /s/  Danning Jiang
DANNING JIANG, Esq.
Attorneys for defendants Lee's Happy House,
Cindy Wong and Ivan Wong