ADAM WANG (STATE BAR NUMBER 201233)
DAL BON & WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 421-3403
Fax: (408) 351-0261

Attorney for Plaintiff
YAO LUN JIANG

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAO LUN JIANG,<br><br>Plaintiff,<br><br>vs.<br><br>LEE'S HAPPY HOUSE, CINDY WONG and IVAN WONG, and DOES 1-10<br>Defendants | Case No.: C07-03606 RS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12**<br><br>Date: September 19, 2007<br>Time: 9:30 a.m.<br>Judge: Honorable Richard Seeborg |

Plaintiff, Yao Lun Jiang, submits the following brief in opposition to Defendants' Motion to Dismiss ("Motion").

## I. INTRODUCTION

Plaintiff was formerly employed as a chef by Defendant Lee's Happy House, a Chinese restaurant in San Jose. In his First Amended Complaint ("FAC")[1] seeking unpaid overtime and other related remedies, Plaintiff alleges that his employment with Defendant Lee's Happy House is covered under Fair Labor Standard Act, 28 U.S.C. §201, *et seq.* ("FLSA"), because he was

[1] FED. R. CIV. P. 15(a) authorizes Plaintiff to amend their complaint once as a matter of course until a responsive pleading has been filed. While Defendant have filed a motion to dismiss under FED. R. CIV. P. 12, such motion is not a responsive pleading that would preclude Plaintiff from amending his complaint as matter of right. (Crum v. Circus Circus Enterprise, 231 F3d 1129 (9th Cir., 2000), at 1130, fn. 3). Accordingly, Plaintiff's FAC has been property filed.

employed by an enterprise engaged in commerce as defined in 29 U.S.C. § 203(s), FAC at ¶ 24. Defendants moved to dismiss for lack of jurisdiction, arguing FLSA does not apply because Lee's Happy House's annual sales did not attain $500,000, and thus is not an enterprise under FLSA.

Defendants' motion shall be denied, because Defendants have failed to meet their heavy burden for a Rule 12 (b) motion as they have failed to establish beyond doubts that the restaurant did not have annual gross revenue of $500,000 in any of the relevant years. Although Defendants have produced tax returns showing less than $500,000 in annual gross income, there is evidence that Defendants' restaurant has unreported cash income, and unreported cash expenses. While the magnitude of such concealed cash income is not clear, the Court should allow Plaintiff to conduct discovery at this stage of the litigation.

## II. DEFENDANTS CANNOT MEET THEIR HEAVY BURDEN UNDER FED R. CIV. P. 12(b)(6)

In moving to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), defendant bears a heavy burden. Such a motion can only be granted when the defendant establishes "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995). "On a motion to dismiss, [the court] is required to read the complaint charitably, to take all well-pleaded facts as true, and to assume that all general allegations embrace whatever specific facts might be necessary to support them", see Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). "The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support their claims", Figueora, 48 F. Supp.2d, at 1375.

Defendants have utterly failed to meet their burden here.

## III. ARGUMENTS

### A. LIMITATION ON FLSA COVERAGE IS NOT JURISDICTIONAL AND THE COURT SHOULD TAKE AS TRUE THE FACTS PLEADED CONCERNING THE FLSA COVERAGE UNDER FED R. CIV. P. 12(B)(6)

The limitation on FLSA coverage is not jurisdictional, and in a Rule 12 (b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court applies FED. R. CIV. P. 12(b)(6) standards and takes as true the facts pleaded in the FAC that relate to whether Plaintiff is covered under FLSA. In Arbaugh v. Y & H Corporation, 546 U.S. 500; 126 S. Ct. 1235 (2006), after a trail resulting in a verdict for plaintiff, defendant moved to dismiss plaintiff's Title VII case for lack of federal subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) because defendant did not meet the initial threshold requirement of having more than 15 employers to come under the coverage of Title VII, *id.* , 126 S. Ct. at 1238. Reversing judgment below for the defendant, the Supreme Court held that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character", *id.* As such, the Supreme Court held that Title VII's 15-employee threshold is an element of a plaintiff's claim for relief, not a jurisdictional issue, *id.* Consistent with Arbaugh, in Roberts v. Corrothers, 812 F. 2d 1173 (9th Cir 1987), the Ninth Circuit articulates a legal standard in considering a motion to dismiss for lack of federal subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). The Roberts states that "the standard often cited in Rule 12(b)(6) motions, … is equally applicable in motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute", *id.*, at 1177[2].

As in both Arbaugh and Roberts, the coverage limitation of FLSA as stated in 29 U.S.C. § 207(a) does not speak in jurisdictional terms. Rather, the FLSA coverage in this case depends on such factual matters as whether employee had "engaged in commerce or in the production of goods for commerce", or whether employee was "employed in an enterprise engaged in

commerce or in the production of goods for commerce", *i.e.* whether defendant employer had an annual sales of over $500,000 to be "an enterprise engaged in commerce" as that term is defined by 29 U.S.C. § 203(s), see 29 U.S.C. § 207 (a). Under Arbaugh , these facts about the threshold coverage of FLSA should be treated as an element to be proven before plaintiff can prevail for his FLSA claim. As such, to prevail in this motion, Defendants have to show beyond doubt that under no circumstances Plaintiff would be covered under FLSA. Because Defendants have failed to meet this heavy burden for reasons discussed below, this Court should deny their motion to dismiss FLSA claim for lack of subject matter jurisdiction.

### B. THE COURT SHOULD DENY DEFENDANTS' MOTION, BECAUSE DEFENDANTS HAVE FAILED TO PROVE BEYOND DOUBTS THAT LEE'S HAPPY HOUSE WAS NOT "AN ENTERPRISE ENGAGED IN COMMERCE" WITH AN ANNUAL GROSS REVENUE OF $500,000,

FLSA overtime requirement applies to any employee "who in any workweek …is employed in an enterprise engaged in commerce or in the production of goods for commerce", 29 U.S.C. § 207(a)(1). An "enterprise engaged in commerce or in the production of goods for commerce" is defined to mean, among other things, an enterprise whose annual gross volume of sales …. is no less than $500,000." 29 U.S.C. § 203(s)(1)(ii). In FAC, Plaintiff allegse that Defendant Lee's Happy House was an enterprise engaged in commerce with annual gross sales in excess of $500,000, FAC, at ¶ 24. Defendants have failed to establish that under no circumstances Plaintiff could prove that Lee's Happy House attained annual gross income of $500,000 in any of the relevant years.

Although Defendants produce tax returns purportedly showing that Lee's Happy House did not have $500,000 in sales for any of relevant years, Defendants have produced no evidence that such tax returns have been audited. Therefore, the probative value of these tax returns is no more than self-serving testimonies in a deposition, which can be, and often is, disproved by the evidences revealed in discoveries.

On the other hand, there is evidence casting doubts on the veracity of these tax returns. Plaintiff testifies that as a chef in the kitchen, he personally observed the volume of the food that went through the kitchen, and estimated that restaurant's average daily sales volume exceeded $2,000, making the annual sales exceed $500,000. Further, Plaintiff testifies that the restaurant has cash expenses that were not accounted for in the books. At this point, the magnitude of unreported cash activities is not certain. Plaintiff believes that Defendants have under reported substantial amount of cash income resulting in reporting in their tax returns annual gross revenue of less than $500,000.

As such, Defendants have failed to prove beyond doubts that Lee's Happy House did not have $500,000 in annual sales to avoid the FLSA coverage. Accordingly, the Court should not take the Defendants tax returns as conclusive evidence. Rather, the Court should take as true the allegations in the FAC, and allow Plaintiff to conduct necessary discovery to come forward with evidence that Lee's Happy House is an enterprise engaged in commerce with $500,000 in annual sales.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to dismiss.

Dated: August 26, 2007

DAL BON & WANG
ADAM WANG

By: /s/ Adam Wang
Attorney for Plaintiff
Yao Lun Jiang