**Danning Jiang, Esq. (CA BAR No. 196985)**
Djiang@jianglawgroup.com
**LAW OFFICES OF DANNING JIANG**
**271 North First Street**
**San Jose, California 95113**
**Tel.: (408) 299-0800**
**Fax: (408) 299-0300**

**Attorneys for Defendants Lee's Happy House,**
**Cindy Wong and Ivan Wong**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **YAO LUN JIANG,**    ) | **CASE NO.  C 07-03606-RS** |
| ) | |
| Plaintiff,    ) | **DEFENDANTS' REPLY TO** |
| ) | **MEMORANDUM OF POINTS AND** |
| Vs.    ) | **AUTHORITIES IN OPPOSITION** |
| ) | **TO DEFENDANTS' MOTION TO** |
| **LEE'S HAPPY HOUSE, CINDY WONG** ) | **DISMISS UNDER RULE 12** |
| **and IVAN WONG, and DOES 1-10,**    ) | |
| ) | Dated:  September 19, 2007 |
| Defendants.    ) | Time:    9:30 a.m. |
| ) | Place:   280 S. First St., Courtroom 4 |
| ) |              San Jose, CA 95113 |
| | Judge:  Hon. Richard Seeborg |

Defendants Lee's Happy House, Cindy Wong, and Ivan Wong ("defendants") hereby reply to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Under Rule 12 as followings:

## SUMMARY OF ARGUMENT

Plaintiff's Opposition fails to offer any evidence to rebut Defendants' evidence that the annual gross revenue of defendant Lee's Happy House was less than the jurisdictional limit of

REPLY TO MEMO. OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS    Page 1

$500,000. The complaint, based upon the federal Fair Labor Standards Act ("FLSA"), 29 USC §201, et. seq., must be dismissed.

Plaintiff's First Amended Complaint ("FAC"), filed after the filing of Defendants' Motion to Dismiss, fails to correct the defects contained in the original Complaint. The FAC only slightly amended paragraph 24 of the original Complaint. Defendants respectfully request the Court to renew their motion to dismiss on the FAC. The FAC must be dismissed as well.

## ARGUMENT

**I.     Plaintiff's Opposition fails to offer any evidence to rebut Defendants' evidence that the annual gross revenue of Lee's Happy House was less than $500,000.**

In the situation where extrinsic evidence is considered per a Rule 12(b)(1) motion, the Court may weigh and determine conflicting facts and the burden of proof is on the plaintiff, the party who invoked jurisdiction, to establish that jurisdiction is proper. Stock West Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

Under 29 U.S.C. § 203(s)(1), this Court does not have jurisdiction over an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

With their Motion to Dismiss, Defendants submit copy of tax returns for years 2001-2006 of defendant Lee's Happy House. These tax returns were signed under penalty of perjury and were filed to IRS annually in the routine course of the business. None of the 6-year tax returns shows Lee's Happy House made gross sales equal or more than $500,000.

In his Opposition, Plaintiff attempts to offer his Declaration to rebut the fact that Lee's Happy House made annual sales less than $500,000. However, as objected in the attached Defendants' Objection, the statements contain in Plaintiff's Declaration are entirely hearsay or solely based on his speculation. For example, Paragraph 2 of Plaintiff's Declaration states:

```
"I have been employed as a chef at Lee's Happy House for
over 6 years. When I worked at that restaurant, I worked 6
days a week.  Therefore, I have the opportunity to observe
the volume of dishes that went through the kitchen.  I
estimated that the restaurant's daily average sales ranged
```

> between $2,000 to $2,500.  With the restaurant open 7 days
> a week, restaurant's annual sales should be no less than
> $500,000."

Although Plaintiff worked for 6 years as a chef and observed the volume of dishes through the kitchen, it did not give him access to the book of Lee's Happy House.  Plaintiff does not testify the dollar price per dish, the number of dishes sold per day, the average sales per day, and his access to and knowledge of the information.  He does not allege that he was in charge of ordering the kitchen supplies and inventory.  Therefore, he would not have any knowledge about the costs of the inventory and the costs of dishes.  His estimate of daily sales amount is purely speculative.

Even if he might hear the costs of the inventory or dishes from other people who had access to the book or who was in charge of the purchasing, his testimony would be hearsay – an out of court statement made by a third party offered as the truth of the matter asserted.

As another example, Paragraph 4 of Plaintiff's Declaration states:

> "There were 6 workers at the restaurant.  It is my
> understanding that all workers wee (sic) paid in cash, and
> some even paid nothing but cash."

Again, his statement that other workers were paid in cash is also hearsay.  He is asserting what he heard from other workers that they were paid in cash.  Plaintiff fails to offer any testimony from the other workers that they were in deed paid in cash.

Plaintiff's Opposition further expanded his own testimony regarding the cash payments.  It alleges that Lee's Happy House had "unreported cash income, and unreported cash expenses."  Opposition, pg. 2, ln. 8-9 & pg. 5, ln. 6-7.  Such expansion does not have any evidentiary support either from Plaintiff's own testimony or his Complaint.  It must be disregarded.

As the Court may weigh and determine conflicting facts in the situation where extrinsic evidence is considered per a Rule 12(b)(1) motion, it is clear to the Court that the evidence offered by Defendants is clear and convincing.  The burden of proof is on the plaintiff, who

invoked the jurisdiction, to demonstrate the jurisdiction is proper.  His Opposition fails to offer any proof.  The Court must dismiss the complaint.

**II.     The First Amended Complaint fails to allege any new facts in support of its jurisdictional claim.**

A motion to dismiss under Rule 12(b)(6) must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would be entitled him to relief."  Conley v. Gibson, 355 US 41, 45-46 (1957); Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989).  Under 29 U.S.C. § 203(s)(1), this Court does not have jurisdiction over an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

Comparing the original Complaint with the FAC, the FAC does not add any new party, any new cause of actions, or any new factual allegation.  The only difference is a slight amendment on a legal conclusion made in paragraph 24 as following:

The language in original Complaint ¶24:

```
"… and Plaintiff was an individual employee covered by
virtue of Plaintiff's direct engagement in interstate
commerce."
```

The amended language in FAC ¶24:

```
"… as Plaintiff was covered by FLSA by the virtue of his
employment with Defendant LEE'S  HAPPY HOUSE who was, at
all times relevant, an enterprise engaged in commerce or
in the production of goods for commerce as defined by 29
U.S.C. § 203(s)."
```

The FAC fails to allege any facts in support its legal conclusion that defendant Lee's Happy House was an enterprise as defined by 29 U.S.C. § 203(s), or that it made annual gross revenue of no less than $500,000.  Although Plaintiff offers his Declaration regarding the annual sales amount of Lee's Happy House, his statement is pure speculation and hearsay.  It does not allege the dollar price per dish, the number of dishes sold per day, the average sales

per day, and his access to and knowledge of the information.

As there is no new factual allegation in the FAC, the slight amendment on a legal conclusion that Lee's Happy House was an enterprise as defined by 29 U.S.C. § 203(s) will not save the FAC from being dismissed.

**III.    As the FAC is essentially the same as the original Complaint, Defendants respectfully request the Court to renew their pending Motion to Dismiss on the FAC:**

Normally, filing an amended complaint rendering the pending motion to dismiss the previous complaint to be moot. However, this matter presents a different case. The FAC is essentially the same as its original Complaint. The only difference is a slight amendment on a legal conclusion made in paragraph 24. The so-called "Amended" is in essence no amendment at all. Defendants respectfully move the Court to renew their pending motion to dismiss on the FAC, based on the same factual statements and argument. It would be to the Court and both parties' interest to allow the renewal of this motion as it would save time and costs.

**CONCLUSION**

Plaintiff's Opposition fails to offer any evidence to rebut the evidence offered by Defendants that the annual gross revenue of Lee's Happy House was less than $500,000. The FAC is essentially the same as the original Complaint and the Court may renew this pending motion to dismiss on the FAC.

Defendants respectfully move the Court to grant this motion to dismiss for lack of subject matter jurisdiction. Defendants respectfully request the federal FLSA claim be dismissed with prejudice and the state law claims be dismissed without prejudice. Defendants respectfully request the entire action be dismissed without leave to amend.

Date: September 5, 2007                          **LAW OFFICES OF DANNING JIANG**

By: /s/  Danning Jiang
DANNING JIANG, Esq.
Attorneys for defendants Lee's Happy House,
Cindy Wong and Ivan Wong

# PROOF OF SERVICE

*Jiang v. Lee's Happy House, et al.*
U.S. District Court Northern District of California - Case No. C07-03606-RS

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 271 North First Street, San Jose, CA 95113,

On September 5, 2007, I served the following document(s):

**DEFENDANTS' REPLY TO MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12**

on the interested parties in this action by placing a true and correct copy of document(s) in a sealed envelope addressed as follows:

Adam Wang, Esq.
Dal Bon and Wang
12 South First Street, Suite 613
San Jose, CA 95113                                    Fax: 408-351-0261

**(X)** **[U.S. MAIL]** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices in the United States mailed in San Jose, California.

**( )** **[OVERNIGHT DELIVERY]** Via Federal Express or similar overnight courier service, by depositing in a box or other facility regularly maintained by such overnight delivery service, or delivering such envelope to a courier or driver authorized by said overnight delivery service to receive documents, in an envelope designated by said overnight delivery service with delivery fees paid or provided for, addressed to the above-named persons on whom it is to be served.

**( )** **[PERSONAL SERVICE]** I caused to be delivered by hand the above-referenced document(s) to the above-named person(s).

**( )** **[FACSIMILE]** Via facsimile machine, I caused the above-referenced document(s) to be transmitted to the person(s) and facsimile number(s) shown above.

Executed on September 5, 2007, in San Jose, California.

**( )** **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**(X)** **(FEDERAL)** I declare that I was retained by the office of a member of the bar of this court at whose direction the service was made.

/s/ Phoebe Li
PHOEBE LI

1