United States District Court
For the Northern District of California

*E-FILED 10/23/07*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YAO LUN JIANG<br><br>           Plaintiff,<br><br>    v.<br><br>LEE'S HAPPY HOUSE, et al.<br><br>           Defendants. | Case No. C 07-03606 RS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

I. INTRODUCTION

Plaintiff Yao Lun Jiang ("Jiang") contends that defendant Lee's Happy House and its owners, defendants Cindy and Ivan Wong, failed to pay overtime pay as required by the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* ("FLSA"), and California law. Defendants move to dismiss the federal claim under either Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure, and request that the Court decline to exercise supplemental jurisdiction over the state law claims. For the reasons set forth below, the motion to dismiss will be granted, with leave to amend.

## II. BACKGROUND

Jiang worked as the chief chef at Lee's Happy House, a Chinese to-go restaurant in south San Jose that employs 3-5 employees. Jiang contends he worked in excess of eight hours per day and more than forty hours per week. Jiang received $2,500 per month as compensation, along with three meals per day and housing.

The second claim for relief in the complaint alleges a violation of the FLSA[1]. Defendants move to dismiss under Rule 12 (b)(1) for lack of federal jurisdiction. In support of that portion of their motion, defendants have submitted a declaration stating that the customers of Lee's Happy House are local residents who live or work near the store and that Lee's Happy House does not provide food delivery and does not advertise. In the alternative, defendants move for dismissal under Rule 12 (b)(6) for failure to state a claim. Defendants further seek dismissal of the remaining four state law claims for relief on the basis that, in the absence of a federal claim, the Court should decline to exercise supplemental jurisdiction over those claims.

## III. STANDARDS

A motion to dismiss under FRCP 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. As plaintiff is the party seeking to invoke the court's jurisdiction, he bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction, i.e., that the lack of jurisdiction appears from the "face of the complaint," or on the basis that the court lacks jurisdiction as a matter of fact, i.e., lack of jurisdiction based on extrinsic evidence apart from the pleadings. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136,

---

[1] Plaintiff filed a First Amended Complaint contemporaneously with its opposition to the motion to dismiss. Because the arguments raised in the motion to dismiss remain applicable after the amendment, the motion will be deemed as a challenge to the First Amended Complaint.

2

1139 (9th Cir. 2003); *McMorgan & Co. v. First Calif. Mortgage Co.*, 916 F. Supp. 966, 973 (N.D. Cal. 1995).

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under FRCP 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Hence, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Moreover, the *Twombly* court expressly rejected the oft-quoted formulation of *Conley v. Gibson*, 355 U.S. 41, 47 (1957), cited by defendants here, that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 127 S.Ct. at 1968.

### IV. DISCUSSION

A. <u>Rule 12 (B)(1)</u>

Defendants contend that the Court lacks subject matter jurisdiction over this action because the FLSA governs only "businesses engaged in commerce or in the production of goods for commerce" and that have an "annual gross volume of sales made or business done [that] is not less than $500,000." 29 U.S.C. § 203(s)(1). Congress created the gross sales provision in an attempt to exclude truly local businesses from the FLSA's scope. *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 695 (3rd Cir. 1994) ("Congress made ample provision . . . to insure the original intent of the sponsors of the act to exclude the small local retail merchants such as the corner grocer, neighborhood drugstore, barbershop or beauty parlor would be carried out.")

3

Defendants present evidence, the reliability of which Jiang contests, to show that the annual receipts of Lee's Happy House have always been well under the $500,000 threshold. See Declaration of Ivan Wong and exhibits thereto. Defendants also contend that Lee's Happy House is not engaged in interstate commerce within the meaning of the FLSA. *Id.*

Although defendants have raised a serious question as to whether Jiang's claim under the FLSA is *viable*, that does not appear to be a basis to dismiss the claim under the rubric of *jurisdiction*. In the somewhat analogous context of an employment discrimination claim brought under Title VII, the Supreme Court recently examined the distinction between a lack of jurisdiction to adjudicate a particular claim and a mere failure to plead or prove all of the *elements* of a federal statutory claim. *Arbaugh v. Y & H Corporation*, 546 U.S. 500 (2006). In *Arbaugh*, the defendant had lost at trial but thereafter moved to dismiss for lack of jurisdiction, raising for the first time the argument that it did not employ a sufficient number of people to qualify as an "employer" subject to the requirements of Title VII. Because lack of subject matter jurisdiction may be raised at any time, and because the defendant in fact did not have the requisite number of employees, the trial court granted the motion to dismiss. The Supreme Court ultimately reversed, finding that numerical limitation in the definition of "employer" only establishes an *element* of a Title VII claim, not a jurisdictional bar, and that the defendant had waived the issue by not raising it prior to or at trial.

The *Arbaugh* court observed, "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits-related determination." 546 U.S. at 511 (quoting 2 J. Moore et al., Moore's Federal Practice § 12.30[1], p. 12-36.1 (3d ed. 2005)). The Court concluded that unless Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," statutory definitions and limitations should be treated as "nonjurisdictional in character." 546 U.S. at 515-516.

Here, there is nothing in the statutory provisions on which defendants rely that plainly expresses a Congressional intent for those provisions to be jurisdictional. It may very well be that to *prevail* on his FLSA claim, Jiang will have to plead and prove the Lee's Happy House falls within

4

those provisions, but the Court has jurisdiction to hear the claim, whether or not Jiang ultimately can prevail. Accordingly, the complaint cannot properly be dismissed under Rule 12 (b) (1).

B.  Rule 12( b)(6)

As noted above, the provisions of U.S.C. § 203(s)(1) making the FLSA applicable only to employees or enterprises engaged in commerce and with sales or business of at least $500,000 constitute elements of an FLSA claim. In the context of a motion to dismiss under Rule 12 (b)(6), the Court cannot consider extrinsic evidence such as the declaration offered by defendants in support of the motion under Rule 12 (b)(1), nor can the Court evaluate whether or not Jiang will succeed in proving the elements of his claim. The Court can, however, analyze whether or not he has sufficiently pleaded those elements.

Here, the First Amended Complaint conclusorily alleges that the FLSA applied to Jiang's employment and that Lee's Happy House was engaged in commerce within the meaning of the statute. The complaint is devoid of any facts tending to support those conclusions, however, and does not mention the $500,000 threshold. Accordingly, the motion to dismiss will be granted on grounds that the complaint fails to state a claim under the FLSA.

Jiang will be granted leave to amend. As discussed at the hearing, counsel will be expected to comply fully with his obligation to make a reasonable investigation and analysis of the facts and the law and to replead the FLSA claim only if there is a good faith basis for doing so. Finally, the Court declines to exercise supplemental jurisdiction over the state law claims unless and until a federal claim is adequately pleaded. Accordingly, those claims are also hereby dismissed, without prejudice to including them in an amended complaint that adequately states a federal claim.

5

## V. CONCLUSION

For the reasons set forth above, the motion to dismiss the Second claim for relief is GRANTED. The Court declines to exercise supplemental jurisdiction and therefore dismisses all state claims without prejudice pursuant to 28 U.S.C. § 1367.

IT IS SO ORDERED.

Dated: October 23, 2007

RICHARD SEEBORG
United States Magistrate Judge