**Danning Jiang, Esq. (CA BAR No. 196985)**
**Djiang@jianglawgroup.com**
**LAW OFFICES OF DANNING JIANG**
**271 North First Street**
**San Jose, California 95113**
**Tel.: (408) 299-0800**
**Fax: (408) 299-0300**

**Attorneys for Defendants Lee's Happy House,**
**Cindy Wong and Ivan Wong**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **YAO LUN JIANG,**<br><br>   Plaintiff,<br><br>Vs.<br><br>**LEE'S HAPPY HOUSE, CINDY WONG**<br>**and IVAN WONG, and DOES 1-10,**<br><br>   Defendants. | **CASE NO.  C 07-03606-RS**<br><br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES IN SUPPORT OF**<br>**DEFENDANTS' SECOND MOTION**<br>**TO DISMISS FOR LACK OF**<br>**SUBJECT MATTER**<br>**JURISDICTION AND FOR**<br>**FAILURE TO STATE A CLAIM**<br>**UPON WHICH RELIEF MAY BE**<br>**GRANTED**<br>**[FRCP 12(b)(1), 12(b)(6)]**<br><br>Dated: March 12, 2008<br>Time:   9:30 a.m.<br>Place:  280 S. First St., Courtroom 4<br>            San Jose, CA 95113<br>Judge: Hon. Richard Seeborg |

Defendants Lee's Happy House, Cindy Wong, and Ivan Wong ("defendants") submit their Memorandum of Points and Authorities in Support of Their Second Motion to Dismiss as follows:

MEMO OF P&A IN SUPPORT OF SECOND MOTION TO DISMISS [FRCP 12(b)(1), 12(b)(6)]            Page 1

## INTRODUCTION

Plaintiff's Second Amended Complaint ("SAC") does not cure the defects contained in his previous two complaints. Comparing with his First Amended Complaint ("FAC"), his SAC amends only Paragraph 24. The amendment does not establish a proper federal subject matter jurisdiction. It remains vague and ambiguous as to how the Fair Labor Standards Act ("FLSA"), 29 USC §201, *et seq.*, applies to plaintiff's case.

## PROCEDURAL BACKGROUND

Plaintiff filed his initial Complaint on July 12, 2007. In respond to the Complaint, defendants filed their first Rule 12(b) motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

In conjunction with his opposition to defendants' motion, plaintiff filed his First Amended Complaint ("FAC") on August 29, 2007. In their Reply, defendants renewed their motion to dismiss on plaintiff's FAC.

On October 23, 2007, the Court granted defendants' motion to dismiss both the Complaint and the FAC, with leave to amend.

On November 18, 2007, plaintiff filed his Second Amended Complaint ("SAC"). Now, defendants move to dismiss the SAC.

## RELEVANT FACTS

Comparing the FAC with SAC, the only change appears in Paragraph 24. The following language was amended:

The previous language in FAC, ¶24:

```
"At all relevant times herein, Plaintiff's employment was
subject to the provisions of the Fair Labor Standard Act
of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. as
Plaintiff was covered by FLSA by the virtue of his
employment with Defendant LEE'S HAPPY HOUSE who was, at
all times relevant, an enterprise engaged in commerce or
in the production of goods for commerce as defined by 29
```

```
U.S.C. § 203(s)."
```

The amended language in SAC, ¶24:

```
"At all relevant times herein, Plaintiff's employment was
subject to the provisions of the Fair Labor Standard Act
of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. as
Plaintiff was covered by FLSA by the virtue of his
employment with Defendant LEE'S HAPPY HOUSE who was, at
all times relevant, an enterprise engaged in commerce or
in the production of goods for commerce as defined by 29
U.S.C. § 203(s), **because (i) LEE's HAPPY HOUSE, together
with other related activities performed for a common
business purpose, either through unified operation or
common control by Defendant CINDY WONG and/or IVAN WONG,
has attained an annual gross income of $500,000 or more
during the 4 years prior to the filing of Complaint in
this case; and (ii) it has employees handling, selling, or
otherwise working on goods or materials that have been
moved in or produced for commerce by any person.**"
```
(Emphasis added for amended contents.)

The SAC fails to identify the so-called "other related activities performed for a common business purpose" by defendants. It also fails to allege facts in support of the conclusion that "it (defendants) has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce".

On the contrary, defendants submitted new Declarations of Ivan Wong and Cindy Wong in connection with the instant motion to dismiss, demonstrating the following material facts:

- Defendant Lee's Happy House is a small to-go restaurant located at 6187 Santa Teresa Blvd., San Jose, CA 95123. (Decl Ivan, ¶3.)

- It has about 3-5 employees. Most of the employees work in the kitchen as it is a to-go restaurant. (Decl Ivan, ¶3.)
- Essentially, all of its customers are local residents or people who work nearby. It does not provide food delivery. (Decl Ivan, ¶4.)
- It has no out-of-state traveler customers. It has never sold foods (meals) out of state. Its foods are wrapped in the to-go boxes. It does not sell canned or packaged foods to customers. (Decl Ivan, ¶5, 6.)
- Defendants do not do advertising at all. They have never had any flyers, mailings, newspapers, radio, or TV advertisement. (Decl Ivan, ¶7.)
- Defendants order supplies, such as rice, flour, vegetable, and sources, from local vendors in the San Jose area. They have never ordered any supplies from any out-of-state vendor. (Decl Ivan, ¶8.)
- From the year 2001 to 2006, its gross income per year has never exceeded $400,000. (Decl Ivan, ¶9; Decl Cindy, ¶3.)
- Defendants Ivan Wong and Cindy Wong do not own any other business. (Decl Ivan, ¶10; Decl Cindy, ¶4.)

**ARGUMENT**

I. **Legal Standards regarding FRCP Rule 12(b) motions:**

1) <u>FRCP Rule 12(b)(1) motions</u>:

The Court presumes lack of jurisdiction until plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 US 375, 114 S.Ct. 1673, 1675; *Stock West, Inc. v. Confederated Tribes of the Colville Reservation* (9th Cir. 1989) 873 F2d 1221, 1225.

In ruling on a motion to dismiss pursuant to Rule 12(b)(1), the court must accept as true all allegations of material facts and must construe said allegations in the light most favorable to the non-moving party. *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985). However, these rules do not apply when the motion to dismiss is based on extrinsic evidence. *William v. Tucker*, 645 F.2d 404 (5th Cir. 1981). In the situation where extrinsic evidence is considered per a Rule 12(b)(1) motion, the Court may weigh and determine

conflicting facts and the burden of proof is on the plaintiff, the party who invoked jurisdiction, to establish that jurisdiction is proper. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation, supra*, 873 F2d 1221, 1225.

When a state claim can be supported by alternative and independent theories, one of which is a federal law theory, that federal law theory does not attach to the state claim to establish federal jurisdiction because the federal law is not a necessary element of the claim. *Rains v. Criterion Sys.*, 80 F.3d 339, 343 (9th Cir. 1996).

  2) <u>FRCP Rule 12(b)(6) motions</u>:

A motion to dismiss under Rule 12(b)(6) must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would be entitled him to relief." *Moore v. City of Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989). In ruling on a motion to dismiss, "all material allegations in the complaint are to be taken as true and construed in the light most favorable to the non-moving party." *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

**II.** <u>**The complaint must be dismissed for lack of subject matter jurisdiction pursuant to FRCP Rule 12(b)(1) because defendants have no employees participating in interstate commerce**</u>**:**

  **i.** **FLSA does not cover "mom and pop" businesses:**

Fair Labor Standards Act ("FLSA"), 29 USC §201, *et seq.*, does not cover "mom and pop" businesses. "[i]t is quite apparent from the sparse legislative history of Section 13(a)(2) that Congress did not intend to exempt as a '**retail** establishment' the warehouse and central office of an interstate chain store system. From the standpoint of it legislative ancestry, Section 13(a)(2) is the offspring of a manifest desire to **exclude** from the scope of the **Act** 'business in the several States that is of a pure **local** nature.' Sen.Rep. 884, 75th Cong., 1st Sess., p. 5. Congress was interested in exempting those regularly engaged in **local retailing** activities and those employed by **small local retail** establishments, epitomized by the corner grocery, the drug store and the department store." *A. H. Phillips, Inc. v. Walling*, 324 U.S. 490, 497-498, 65 S.Ct. 807 (U.S. 1945). "Ample provision is made in the bill to **insure** that the **original intent**

of the sponsors of the **act** to **exclude** the **small local retail merchants** such as the corner grocery, neighborhood drugstore, barbershop or beauty parlor is carried out." *Goldberg v. Ed's Shopworth Supermarket, Inc.*, 214 F.Supp. 781, 785 (D.C. La 1963). "Of course, Congress still wanted to keep truly local businesses outside the scope of the FLSA. So Congress made '[a]mple provision … to insure the original intent of the sponsors of the act to exclude the small local retail merchants such as the corner grocer, neighborhood drugstore, barbershop or beauty parlor [would be] carried out.' 1961 U.S.C.C.A.N. at 1645-46. Congress did this by creating a 'mom and pop' exclusion." *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 695 (3id Cir. 1994).

### ii. Defendants' business is a "mom and pop" businesses:

In this case, the facts alleged in the SAC are far insufficient to invoke the federal subject matter jurisdiction. It fails to allege any fact to support the conclusion that plaintiff was an employee engaged in interstate commerce. It fails to allege facts to support that defendants' business was an enterprise engaged in interstate commerce and that plaintiff's employment was covered by FLSA.

The SAC alleges that defendant Lee's Happy House is a restaurant business in Santa Clara County, California. However, it fails to allege the number of employees, the products or services of the business. It also fails to state whether the productions or services were offered to out of state customers, whether the customers were primarily local or interstate travelers, and the gross revenue of the business. In conclusion, the plaintiff fails to allege facts in support the federal subject matter jurisdiction.

On the contrary, the Declaration of Ivan Wong provides the Court with material evidence surrounding defendants' business and plaintiff's alleged employment. The business is a small local to-go restaurant, with 3-5 full-time and part-time employees. Overwhelming majority of its customers are local residents or people who work nearby. It does not offer foods or meals to customers residing out-of-state. It orders its supplies from local vendors. The gross revenue of the business during plaintiff's alleged employment or in the past six (6) years has never exceeded $400,000 per year. The Declaration of Ivan Wong establishes the facts that the restaurant is a pure local business and bears no difference than a local grocery store, a

barbershop, a beauty salon, or a drugstore, which are exempted from FLSA.

The FLSA claim must be dismissed for lack of subject matter jurisdiction under FRCP Rule 12(b)(1) and 29 USC 203(s).

**III.** **The complaint must be dismissed as plaintiff is not able to prove any facts in support of his claim which would be entitled him to relief under FRCP Rule 12(b)(6):**

FLSA applies to an enterprise engaged in commerce or in the production of goods for commerce with an annual gross volume of sales made or business done no less than $500,000. 29 USC 203(s)(1). Under certain circumstances, "the enterprise test" is applied in determining the $500,000 statutory amount. "The enterprise test is the way to determine whether to combine the dollar figures. *See* 29 C.F.R. § 779.201. By using the three part test for enterprise, courts have a way to gauge the economic reality of a group of affiliated business for the purposes of applying the FLSA." *Reich v. Gateway Press, Inc.*, *supra*, 13 F.3d 685, 696. However, affiliated restaurant, grocery store and trailer park were not an enterprise. *Cf. Griffin v. Daniel*, 768 F.Supp. 532, 536-37 (W.D.Va. 1991).

The SAC alleges that "LEE's HAPPY HOUSE, together with other related activities performed for a common business purpose, either through unified operation or common control by Defendant CINDY WONG and/or IVAN WONG, has attained an annual gross income of $500,000 or more during the 4 years prior to the filing of Complaint in this case." *See* SAC, para. 24. However, it fails to identify the so-called "other related activities performed for a common business purpose" with specific facts. Without such identification, it is vague and ambiguous as to whether defendants' "other related activities" were truly performed for a common business purpose, through unified operation or common control. It is also vague and ambiguous as to whether "the enterprise test" shall apply in determining the total amount of gross revenue of defendants. Further, the SAC fails to identify the amount of gross revenue of each of defendants' "related activities" in order to assist the Court in determining if the total amount has exceeded $500,000.

Judging from plaintiff's previous two complaints, it is apparent that plaintiff did not have access to defendants' financial records. Any allegation that defendants' gross revenue

exceeds $500,000 is plaintiff's pure invention in order to keep his claim alive in the federal court.

The SAC is vague and ambiguous as to the "other related activities". Lee's Happy House is not an enterprise engaged in commerce or in the production of goods for commerce under 29 USC 203(s)(1). It fails to state a claim upon which relief may be granted.

## IV. If the FLSA claim is dismissed, the Court should also dismiss the state claims brought upon the supplemental jurisdiction.

It is the court's discretion to adjudicate state law claims solely brought under the supplemental jurisdiction after a federal claim is dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which a relief can be granted. *Carnegie-Mellon Univ. v. Cohill* (1988) 484 U.S. 343, 350, 108 S.Ct. 614, 619, fn. 7.

In this case, the law is clear that defendants' business is a "mom and pop" business. It is exempted from FLSA. Although plaintiff was given two chances to amend his complaint, the SAC remains vague and ambiguous as to the so-called defendants' "other related activities" and how FLSA shall apply to his case. It has been demonstrated to the Court that plaintiff is not able to amend his complaint to establish the subject matter jurisdiction. The Court shall dismiss the FLSA claim with prejudice. The Court shall also decline to exercise its supplemental jurisdiction.

## CONCLUSION

Defendants respectfully move the Court to grant this motion to dismiss for lack of subject matter jurisdiction. Defendants respectfully request the federal FLSA claim be dismissed with prejudice. Defendants respectfully request the entire action be dismissed without leave to amend.

Date: January 31, 2008         **LAW OFFICES OF DANNING JIANG**

By: /s/ Danning Jiang
DANNING JIANG, Esq.
Attorneys for defendants Lee's Happy House,
Cindy Wong and Ivan Wong