ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 421-3403
Fax: (408) 286-6619

Attorney for Plaintiff
YAO LUN JIANG

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAO LUN JIANG,<br><br>       Plaintiff,<br><br>vs.<br><br>LEE'S HAPPY HOUSE, CINDY WONG and IVAN WONG, and DOES 1-10<br>       Defendants | Case No.: C07-03606 RS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS UNDER RULE 12(b)**<br><br>Date:   March 19, 2008<br>Time:  9:30 a.m.<br>Judge: Honorable Richard Seeborg |

Plaintiff, Yao Lun Jiang, submits the following brief in opposition to Defendants' Second Motion to Dismiss ("Motion").

**I.  INTRODUCTION**

Plaintiff was formerly employed as a chef by Defendant Lee's Happy House, a Chinese restaurant in San Jose.  In this action, Plaintiff seeks unpaid overtime and other related remedies under Fair Labor Standard Act, 28 U.S.C. §201, *et seq.* ("FLSA") and California Labor Code.

On August 6, 2007, Defendants filed a motion to dismiss FLSA claims under FED. R. CIV. PRO. 12(b)(1) for lack of federal subject matter jurisdiction and Rule 12(b)(6) for failure to state a cause of action, arguing FLSA does not apply because Lee's Happy House's annual sales did not attain $500,000, and thus is not an enterprise under FLSA. On October 23, 2007,

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS**

Jiang v. Lee's Happy House, et al.

1  this Court entered an order denying the Rule 12(b)(1) motion to dismiss for lack of subject
2  matter jurisdiction, concluding no jurisdictional challenge to the pleading will lie.
3      This Court also ruled that Plaintiff's original Complaint did not mention the $500,000
4  threshold necessary to bring his claims against Lee's Happy House under the coverage of FLSA,
5  and granted Plaintiff leave to amend. In response, on November 18, 2007, Plaintiff filed a
6  Second Amended Complaint ("SAC"). Specifically, in SAC, Plaintiff alleges that Lee's Happy
7  House is subject to FLSA "because (i) LEE'S HAPPY HOUSE, together with other related
8  activities[1] performed for a common business purpose, either through unified operation or
9  common control by Defendants CINDY WONG and/or IVAN WONG, has attained an annual
10 gross income of $500,000 or more during the 4 years prior to the filing of Complaint in this
11 case; and (ii) it has employees handling, selling, or otherwise working on goods or materials
12 that have been moved in or produced for commerce by any person." SAC, ¶ 24.
13     On January 31, 2008, Defendants move again to dismiss the SAC on the very same
14 basis—for lack of federal subject matter jurisdiction and for failure to state a FLSA claim.
15     Like their first motion, Defendants' instant motion shall be denied, because Defendants
16 have failed to meet their heavy burden for a Rule 12 (b) motion as they have failed to establish
17 beyond doubts that the restaurant did not have annual gross revenue of $500,000 in any of the
18 relevant years. In its October 23, 2007 ruling, this Court has already ruled that the issue
19 whether Defendants had indeed had attained $500,000 in annual gross sales is a factual element
20 of FLSA claim that needs to be proved at trial, and thus is not appropriate basis to dismiss the
21 case under rubric of jurisdiction; nor could the Court consider extrinsic evidence proffered at
22 this stage of case in ruling on Defendant's motion to dismiss under Rule 12(b)(6). Because in
23 their second motion to dismiss, Defendants virtually repeat the same arguments in their
   previous motion, the Court should deny this instant motion for the same reason.

---

[1] According to Plaintiff's investigation, Defendants owned and managed at least one other restaurant and/or business during the years relevant to this action.

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS**
Jiang v. Lee's Happy House, et al.

## II. DEFENDANTS CANNOT MEET THEIR HEAVY BURDEN UNDER FED R. CIV. P. 12(b)(6)

In moving to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), defendant bears a heavy burden. Such a motion can only be granted when the defendant establishes "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995). "On a motion to dismiss, [the court] is required to read the complaint charitably, to take all well-pleaded facts as true, and to assume that all general allegations embrace whatever specific facts might be necessary to support them", see Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). "The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support their claims", Figueora, 48 F. Supp.2d, at 1375.

Defendants have utterly failed to meet their burden here.

## III. ARGUMENTS

### A. LEE'S HAPPY HOUSE IS NOT A "MOM AND POP" SHOP WITHIN THE MEANING OF THE STATUTE

Lee's Happy House is a not a mom and pop shop within the meaning of FLSA, and Defendants have completely failed to cite any authorities to the contrary. Although Defendants have cited to various legislative history of the FLSA that tend to argue that Congress intended to bring under the FLSA coverage only those businesses who have attained certain scale in their operations, Defendants utterly failed to point to a specific statutory language these legislative history are to intended to interpret[2]. Absent the specific statutory provision, any discussion of legislative history and legislative intents is meaningless. In United States v. Daas, 198 F.3d 1167 (9th Cir. 1999), the Ninth Circuit held that one of the most settled principles of statutory

---

[2] For example, Defendants in their opening brief cite the quotation of the Supreme Court in A. H. Phillips, Inc. v. Walling, 324 U.S. 490, 497-498 of Senate report in connection with enactment of 29 U.S.C. § 213(a)(2). See Def. Memo, at p. 5 ln. 20- p.6 ln. 2. However, that subsection was subsequently repealed by Congress in 1989, see Act of Nov. 17, 1989, Pub. L. 101-157, §3(c)(1), 103 Stat. 939. See also Reich v. Gateway Press, Inc., 13 F.3d 685 (3id Cir. 1994), at 535, footnote 2.

construction is that courts look to the plain language of a statute, giving that language its ordinary meaning, *before* moving on to murkier and more subjective analysis, id., at 1174 ( "[T]he plain meaning of the statute controls, and courts will look no further, unless its application leads to unreasonable or implacable results."). Without a specific statutory provision put at issue for the court to interpret, there is simply no issue before the court, let alone the need to look into the legislative history.

The only statutory provision implicitly referred to by Defendants, which is often mentioned as "mom and pop" exemption, is 29 U.S.C. § 203(s)(2)[3]. Under that provision, however, Lee's Happy House is clearly not a "mom and pop" shop. Subsection 203(s)(2)[4] operates to exclude from the $500,000 threshold for FLSA coverage any income by an establishment that "has as its *only* regular employees the owner thereof or the parent, spouse, child or other member of the immediate family of such owner." 29 U.S.C. § 203(s)(2). As Plaintiff is not even related to Defendants, nor Defendants claim that Plaintiff qualifies as their "immediately family", Lee's Happy house is not a "mom and pop" business within the meaning of FLSA. See Martin v. Bedell, 955 F.2d 1029, 1032 (5th Cir. 1992)[5]. As such, Defendants' claim that Lee's Happy House is a mom and pop business and should be excluded from FLSA coverage is completely without merit.

---

[3] In their brief, Defendants argue that Congress created a "mom and pop" exclusion, citing the case Reich v. Gateway Press, Inc., 13 F.3d 685, 695 (3id Cir. 1994). See Def. Memo, at p.6 ln 8. Reich did recognize Congress' intention to keep truly local small business outside the scope of FLSA, citing case Martin v. Bedell, 955 F.2d 1029, 1032 (5th Cir. 1992). Martin is the only authority that can be traced from Defendants' papers that discussed the so-called "mom and pop" exclusion based on 29 U.S.C. § 203(s)(2).

[4] 29 U.S.C. § 203(s)(2) provides:
"Any establishment that has as its only regular employees the owner thereof or the parent, spouse, child or other member of the immediate family of such owner shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or a part of such an enterprise. The sales of such an establishment shall not be included for the purposes of determining the annual gross volume of sales of any enterprise for the purposes of this subsection."

[5] In a unlikely event that Defendants do intend to claim Plaintiff is a member of their immediate family, the Court should not consider any such factual contention in reviewing this motion as any such facts or any supporting evidence thereof constitute extrinsic evidence outside the scope of the Rule 12(b) motion.

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS**

**Jiang v. Lee's Happy House, et al.**

B. **DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN UNDER RULE (12)(6) THAT PLAINTIFF ABSOLUTELY CANNOT PROVE THAT DEFENDANTS HAVE ATTAINED ANNUAL GROSS SALES OF $500,000 IN ANY YEAR DURING THE INTERVAL OF THIS ACTION**

To prevail in a Rule 12(b) motion, Defendants have to show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995). Defendants have simply failed to meet such burden.

Although Defendants again submit declarations and produce tax returns that Lee's Happy House did not attain $500,000 in annual sales, the Court has ruled in the previous motion in no uncertain terms that at this stage, such extrinsic evidences are not to be considered. Defendants have not made even slightest efforts to address why Plaintiff is absolutely unable to prove his allegations that "Lee's Happy House, together with other related activities performed for a common business purpose, either through unified operation or common control by Defendants …., has attained an annual gross income of $500,000Lee's Happy House." Absent such showing, the Court is required to take the facts pleased as true, and deny Defendants' motion to dismiss.

**C. PLAINTIFF HAS PROPERLY PLEADED HIS FLSA CLAIMS UNDER FED. R. CIVIL 8.**

Pursuant to Federal Rules of Civil Procedure 8(a), a plaintiff only has to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under the liberal federal pleading rules, notice and clarity of claims is all that is required. Colaprico v. Sun Microsystems,Inc., 758 F. Supp. 1335, 1337 (N.D. Cal. 1991). Plaintiff's SAC has met that standard.

Defendants complain that in pleading "Lee's Happy House, together with other related activities performed for a common business purpose, either through unified operation or common control by Defendants …., has attained an annual gross income of $500,000Lee's Happy House", SAC fails to identify the so-called "other related activities performed for a

1  common business purpose" with specific facts. Defendants also complain that SAC fails to
2  identify the amount of gross revenue of each of defendants' "related activities" in order to assist
3  the Court in determining if the total amount has exceeded $500,000.  It seems that Defendants
4  expect the Court to hand down a judgment on the merits of Plaintiff's claims, and Plaintiff to
5  plead beyond what is required under Rule 8.  Howoever, Rule 8 does not require Plaintiff to
6  plead sufficient facts for the Court to make ultimate judgment on the merits of Plaintiff's claim.
7  Plaintiff is required to plead nothing more than "short and plant" statement of facts to put
8  Defendants on notice of Plaintiff's claim.  SAC has pleaded sufficient with enough clarity to
9  put Defendants on notice that Plaintiff seeks to prove that the annual gross income of Lee's
10 Happy House, combined with income of any other related business that were controlled or
11 operated by Defendants, had exceed $500,000.   Plaintiff is not required to identify such "other
related activities" nor the amount of the gross income of each related activity.

Defendants also complain that SAC "fails to allege facts in support of the conclusion that 'it (defendants) has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.'"  Def. Memo, at p. 3, 21-23.  Again, Defendants are asking Plaintiff to plead beyond what is required under Rule 8.  Defendants have been sufficiently put on the notice that Plaintiff seeks to prove that Lee's Happy House has employees that handled, sold or other worked on goods or products that have been produced by other manufacture for interstate commerce or have been moved into the state of California in the steam of the interstate commerce.

**IV.    CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' second motion to dismiss.

Dated:  February 12, 2008           By:    /s/ Adam Wang
                                           Attorney for Plaintiff
                                           Yao Lun Jiang

6                                                                                                          C07-03606 RS
**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS**

**Jiang v. Lee's Happy House, et al.**