**Danning Jiang, Esq. (CA BAR No. 196985)**
Djiang@jianglawgroup.com
**LAW OFFICES OF DANNING JIANG**
**271 North First Street**
**San Jose, California 95113**
**Tel.: (408) 299-0800**
**Fax: (408) 299-0300**

**Attorneys for Defendants Lee's Happy House,**
**Cindy Wong and Ivan Wong**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **YAO LUN JIANG,**<br><br>   Plaintiff,<br><br>Vs.<br><br>**LEE'S HAPPY HOUSE, CINDY WONG**<br>**and IVAN WONG, and DOES 1-10,**<br><br>   Defendants. | CASE NO.  C 07-03606-RS<br><br>**DEFENDANTS' REPLY TO**<br>**PLAINTIFF'S MEMORANDUM OF**<br>**POINTS AND AUTHORITIES IN**<br>**OPPOSITION TO DEFENDANTS'**<br>**SECOND MOTION TO DISMISS**<br>**UNDER RULE 12 (b)**<br><br>Dated: March 19, 2008<br>Time:   9:30 a.m.<br>Place:  280 S. First St., Courtroom 4<br>            San Jose, CA 95113<br>Judge: Hon. Richard Seeborg |

Defendants Lee's Happy House, Cindy Wong, and Ivan Wong ("Defendants") hereby reply to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Second Motion to Dismiss under Rule 12(b) as followings:

**SUMMARY OF ARGUMENT**

In support of the Second Motion, Defendants submitted their new declarations, which demonstrate that Lee's Happy House is a pure local to-go restaurant. None of its activities

REPLY TO MEMO OF P&A IN OPPOSITION TO SECOND MOTION TO DISMISS UNDER RULE 12(b)     Page 1

involves or is in any way connected with interstate commerce. Defendants invited the Court to consider the extrinsic evidence in ruling their 12(b)(1) motion. Plaintiff's Opposition has failed to present any evidence to rebut Defendants' position.

Plaintiff's Second Amended Complaint ("SAC") also fails to state sufficient facts in support of its FLSA claim. Particularly, it fails to state any fact in support of the conclusionary allegation of "other related activities performed for a common business purpose".

## ARGUMENT

**I.    This Court lacks subject matter jurisdiction because Defendants' activities did not concern interstate commerce:**

1) <u>Rule 12(b)(1) motions</u>:

"It may consider *extrinsic evidence*; and if the evidence is disputed, it may *weigh* the evidence and *determine* the facts in order to satisfy itself as to its power to hear the case: 'The existence of disputed material facts will not prevent the trial court from evaluating for itself the merits of jurisdictional claims.' [*Roberts v. Corrothers* (9th Cir. 1987) 812 F2d 1173, 1177; *Velasco v. Government of Indonesia* (4th Cir. 2004) 370 F3d 392, 398 – court may consider evidence outside the pleadings; *Friends of the Wild Swan, Inc. v. United States Forest Service* (D OR 1995) 910 F.Supp. 1500, 1504 (citing text)]" Schwartzer, Tashima & Wagstaffe, <u>Rutter Group Practice Guide: Fed. Proc. Before Trial</u> ¶9-85, p.9-22.

"… where the Rule 12 (b)(1) motion is based on extrinsic evidence, no presumptive truthfulness attaches to plaintiff's allegations: 'The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question.' [*Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n* (7th Cir. 1998) 149 F3d 679, 685; *Williamson v. Tucker* (5th Cir. 1981) 645 F2d 404, 412; see *Morrison v. Amway Corp.* (11th Cir. 2003) 323 F3d 920, 925.]" Schwartzer, Tashima & Wagstaffe, <u>Rutter Group Practice Guide: Fed. Proc. Before Trial</u> ¶9-86, p.9-23.

2) <u>Subject matter jurisdiction</u>:

"Commerce" in FLSA means interstate commerce, and not all of the activities subject to

constitutional power of Congress over interstate commerce come within Act. 29 USC §215(a)(2, 5); <u>Mitchell v. Welcome Wagon, Inc.</u>, 139 F.Supp. 674 (W.D. Tenn. 1954), 232 F.2d 892 (6th Cir. 1956). Coverage under FLSA depends upon employee's spending a substantial portion of their time engaging in interstate commerce or regularly engaging in production of goods for interstate commerce, and that there is some small incidental interstate activity by a fundamentally intrastate business does not invoke coverage. <u>Mitchell v. Welcome Wagon</u>, *supra*, at 678 (citing <u>Walling v. Jacksonville Paper Co.</u>, 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460; <u>Hunter v. Madison Ave. Corp.</u>, 6 Cir., 174 F.2d 164, 167; <u>Skidmore v. John J. Casale, Inc.</u>, 2 Cir., 160 S.Ct. 1205, 91 L.Ed. 1832.)

    3)    <u>Lee's Happy House's business</u>:

The Declarations of Ivan Wong and Cindy Wong, submitted in support this instant motion, demonstrate the following material facts:

- Defendant Lee's Happy House is a small to-go restaurant located at 6187 Santa Teresa Blvd., San Jose, CA 95123. (Decl Ivan, ¶3.)
- It has about 3-5 employees. Most of the employees work in the kitchen as it is a to-go restaurant. (Decl Ivan, ¶3.)
- Essentially, all of its customers are local residents or people who work nearby. It does not provide food delivery. (Decl Ivan, ¶4.)
- It has no out-of-state traveler customers. It has never sold foods (meals) out of state. Its foods are wrapped in the to-go boxes. It does not sell canned or packaged foods to customers. (Decl Ivan, ¶5, 6.)
- Defendants do not do advertising at all. They have never had any flyers, mailings, newspapers, radio, or TV advertisement. (Decl Ivan, ¶7.)
- Defendants order supplies, such as rice, flour, vegetable, and sources, from local vendors in the San Jose area. They have never ordered any supplies from any out-of-state vendor. (Decl Ivan, ¶8.)
- From the year 2001 to 2006, its gross income per year has never exceeded $400,000. (Decl Ivan, ¶9; Decl Cindy, ¶3.)

- Defendants Ivan Wong and Cindy Wong do not own any other business. (Decl Ivan, ¶10; Decl Cindy, ¶4.)

It is clear that Lee's Happy House is a pure local to-go restaurant. It only serves local customers. Its business does not involve or is in any way connected with interstate commerce.

4)  <u>Plaintiff's employment activities at Lee's Happy House</u>:

In his Opposition, Plaintiff has failed to offer any evidence to rebut of what has been proven by Defendants. In a Rule 12(b)(1) motion, Plaintiff's allegations are not presumed to be true. The SAC alleges the following:

- Plaintiff was an employee of Lee's Happy House. (SAC, ¶8-9.)
- He worked more than 8 hours per day and more than 40 hours per week. (SAC, ¶10.)
- He was paid a salary. (SAC, ¶11.)
- He was a nonexempt chef. (SAC, ¶12.)
- He did not have a professional license and did not perform managerial activities. (SAC, ¶13.)

The SAC fails to allege that any of Plaintiff's employment activity involves with or is in any way connected with interstate commerce. There is no evidence showing that Lee's Happy House has sold food out of state or to out-of-state travelers. There is no evidence that Lee's Happy House has ordered supplies from an out-of-state vendor. Plaintiff's employment has had no connection with interstate commerce. Therefore, this Court must grant Defendants' Rule 12(b)(1) motion.

**II.  <u>Defendants' motion is not based on the exemption under 29 U.S.C. § 203(s)(2) and the code section cited by Plaintiff is irrelevant here</u>:**

Defendants' motion is not based on the exemption under 29 U.S.C. § 203(s)(2), i.e., close family members of owners. The motion never cites to this code section. It is irrelevant here.

Plaintiff's Opposition states that the legislative history regarding the "mom and pop" exemption cited in defendants' motion is meaningless. *See* Opposition, pg. 3, ln. 21. It further

states that the quoted section of the Supreme Court in *A. H. Phillips, Inc. v. Walling* (U.S. 1945), 324 U.S. 490, 497-498 was subsequently repealed by the Congress in 1989. Plaintiff cites *Reich v. Gateway Press, Inc.* (3id Cir. 1994), 13 F.3d 685, at 535, footnote 2. *See* Opposition, pg. 3, ft. 2.

The quoted section has never been repealed by the Congress. On the contrary, the same section was cited by *Reich* in 1994. See *Reich*, supra, at 695. Plaintiff's citation of "13 F.3d 685, at 535, footnote 2" was apparent mistaken. *Reich* does not have page 535. Its footnote 2 appears in page 689 and it only talks about the size of the newspaper.

**III.    The SAC must be dismissed because it fails to state any fact to support its conclusionary allegation of "other related activities performed for a common business purpose":**

"The court need not accept as true conclusionary allegations or legal characterizations. Nor need it accept *unreasonable* inferences or unwarranted deductions of fact. [*In re Delorean Motor Co.* (6th Cir. 1993) 991 F2d 1236, 1240; *Taylor v. F.D.I.C.* (DC Cir. 1997) 132 F3d 753, 762; *Transphase Systems, Inc. v. Southern Calif. Edison Co.* (CD CA 1993) 839 F. Supp. 711, 718 (quoting text); *Beliveau v. Caras* (CD CA 1995) 873 F. Supp. 1393, 1395-1396 (citing text).]" Schwartzer, Tashima & Wagstaffe, Rutter Group Practice Guide: Fed. Proc. Before Trial ¶9-221, p.9-63.

In this case, the SAC may only survive the $500,000 statutory amount by applying the "the enterprise test". "The enterprise test is the way to determine whether to combine the dollar figures. *See* 29 C.F.R. § 779.201. By using the three part test for enterprise, courts have a way to gauge the economic reality of a group of affiliated business for the purposes of applying the FLSA." *Reich v. Gateway Press, Inc.*, *supra*, 13 F.3d 685, 696. However, affiliated restaurant, grocery store and trailer park were not an enterprise. *Cf. Griffin v. Daniel*, 768 F.Supp. 532, 536-37 (W.D.Va. 1991).

The SAC merely alleges that "LEE's HAPPY HOUSE, together with other related activities performed for a common business purpose … has attained an annual gross income of $500,000 ..." *See* SAC, para. 24. Plaintiff's Opposition fails to provide any explanation as to

what the "other related activities" were referred to and how the "other related activities" may add up the gross sales amount of $500,000. The conclusionary allegation and bare legal conclusion cannot support Plaintiff's claim.

## CONCLUSION

Defendants' business does not involve or is in any way connected with interstate commerce. Plaintiff's conclusionary allegation of Defendants' "other related activities performed for a common business purpose" does not trigger "the enterprise test" and does not support its claim.

Defendants respectfully move the Court to grant this motion to dismiss for lack of subject matter jurisdiction. Defendants respectfully request the federal FLSA claim be dismissed with prejudice. Defendants respectfully request the entire action be dismissed without leave to amend.

Date: February 29, 2008            **LAW OFFICES OF DANNING JIANG**

By: /s/  Danning Jiang
DANNING JIANG, Esq.
Attorneys for Defendants Lee's Happy House,
Cindy Wong and Ivan Wong

# PROOF OF SERVICE

*Jiang v. Lee's Happy House, et al.*
U.S. District Court Northern District of California - Case No. C07-03606-RS

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 271 North First Street, San Jose, CA 95113,

On February 29, 2008, I served the following document(s):

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS UNDER RULE 12 (b)**

on the interested parties in this action by placing a true and correct copy of document(s) in a sealed envelope addressed as follows:

Adam Wang, Esq.
Dal Bon and Wang
12 South First Street, Suite 613
San Jose, CA 95113                                      Fax: 408-351-0261

**(X)**  **[U.S. MAIL]** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices in the United States mailed in San Jose, California.

**( )**  **[OVERNIGHT DELIVERY]** Via Federal Express or similar overnight courier service, by depositing in a box or other facility regularly maintained by such overnight delivery service, or delivering such envelope to a courier or driver authorized by said overnight delivery service to receive documents, in an envelope designated by said overnight delivery service with delivery fees paid or provided for, addressed to the above-named persons on whom it is to be served.

**( )**  **[PERSONAL SERVICE]** I caused to be delivered by hand the above-referenced document(s) to the above-named person(s).

**( )**  **[FACSIMILE]** Via facsimile machine, I caused the above-referenced document(s) to be transmitted to the person(s) and facsimile number(s) shown above.

Executed on February 29, 2008, in San Jose, California.

**( )**  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**(X)**  **(FEDERAL)** I declare that I was retained by the office of a member of the bar of this court at whose direction the service was made.

/s/ Ming Ji
MING JI

1