**Danning Jiang, Esq. (CA BAR No. 196985)**
Djiang@jianglawgroup.com
**LAW OFFICES OF DANNING JIANG**
**271 North First Street**
**San Jose, California 95113**
**Tel.: (408) 299-0800**
**Fax: (408) 299-0300**

**Attorneys for Defendants Lee's Happy House,**
**Cindy Wong and Ivan Wong**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **YAO LUN JIANG,** ) | **CASE NO.  C 07-03606-RS** |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANTS' CASE** |
| Vs. ) | **MANAGEMENT CONFERENCE** |
| ) | **STATEMENT** |
| **LEE'S HAPPY HOUSE, CINDY WONG** ) | |
| **and IVAN WONG, and DOES 1-10,** ) | Dated: March 19, 2008 |
| ) | Time: 9:30 a.m. |
| Defendants. ) | Place: 280 S. First St., Courtroom 4 |
| ) |           San Jose, CA 95113 |
| ) | Judge: Hon. Richard Seeborg |

Defendants Lee's Happy House ("Lee's"), Cindy Wong, and Ivan Wong (jointly "Defendants") hereby present their Case Management Conference Statement in this action. Defendants have proposed to Plaintiff Yao Lun Jiang ("Plaintiff") for a joint statement. However, Plaintiff has not responded by the time of filing of this Statement.

**1.    JURISDICTION AND SERVICE**

Defendants dispute that subject matter jurisdiction is appropriate in this Court. Defendants have filed their second Motion to Dismiss based on Rule 12(b)(1)&(6) and the

DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT                Page 1

motion is to be heard in conjunction with this Case Management Conference.

All Defendants have been served and they have filed Rule 12(b) motions.

**2.     STATEMENT OF FACTS**

    **A.     Defendants' Summary of Facts**

Lee's is a small to-go restaurant located at 6187 Santa Teresa Blvd., San Jose, CA 95123. Lee's is jointly owned by defendants Ivan Wong and Cindy Wong.

During the period of time when Plaintiff was employed by Lee's, it had about 3-5 employees, including Ivan Wong. Most of the employees work in the kitchen as it is a to-go restaurant. Essentially, all of its customers are local residents or people who work nearby. It does not provide food delivery. It has no out-of-state traveler customers. It has never sold foods (meals) out of state. Its foods are wrapped in the to-go boxes. It does not sell canned or packaged foods to customers. Defendants do not do advertising at all. They have never had any flyers, mailings, newspapers, radio, or TV advertisement. Defendants order supplies, such as rice, flour, vegetable, and sources, from local vendors in the San Jose area. They have never ordered any supplies from any out-of-state vendor. From the year 2001 to 2006, its gross income per year has never exceeded $400,000. Defendants Ivan Wong and Cindy Wong do not own any other business.

Plaintiff worked for Lee's as its chief chef/kitchen manager from 2001 through 2007. He quit his job because he opened his own restaurant. He did not give advance notice to Lee's. During Plaintiff's employment in Lee's, he was in charge of ordering the kitchen supplies and monitoring the kitchen inventory. He supervised the kitchen staffs in preparing raw food and their attendance. He was paid $2,500 per month, with portions in checks and portions in cash bills. The restaurant provided him with three meals per day and housing.

    **B.     The Principal Factual Issues Which The Parties Dispute**:

    a.     Whether Defendants have conducted business in interstate commerce;

    b.     Whether Plaintiff's employment activity involves with or is in any way connected with interstate commerce;

    c.     Whether Plaintiff is an exempt employee and not entitled to overtime wage;

    d.     The amount of Plaintiff's damages for unpaid wages;

  e.  Whether Plaintiff is entitled to liquidated damages; and

  f.  Whether Plaintiff is entitled to an award of attorneys' fees.

**3. LEGAL ISSUES**

The disputed points of law are anticipated to be:

  a.  Whether this Court has subject matter jurisdiction under FLSA;

  b.  Whether Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 216(b); and

  c.  Whether Plaintiff is entitled to attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Cal. Labor Code § 1194(a).

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

**4. MOTIONS**

Plaintiffs have filed two Rule 12(b)(1)&(6) motions to dismiss. The second Motion to Dismiss will be heard by the Court in conjunction with this Case Management Conference.

Defendants anticipate filing discovery motions and a summary judgment motion.

**5. AMENDMENT OF PLEADINGS**

Plaintiff may submit his third amended complaint, subject to the Court's determination on Defendants' second Motion to Dismiss.

**6. EVIDENCE PRESERVATION**

Each party has maintained in his/her/its possession of the employment records that are relevant to this action.

**7. DISCLOSURES**

Pending the Court's order on Defendants' second Motion to Dismiss, the parties would request a further case management conference. The parties will exchange their initial disclosures prior to such further case management conference.

**8. DISCOVERY**

*Defendants' Proposal:*

Defendants believe a further case management conference is needed in light of the pending Motion to Dismiss. Defendants will propose their discovery plan prior to such further

DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT  Page 3

case management conference. The costs of document production will be borne by the parties in accordance with Fed. R. Civ. P. 26.

**9.   CLASS ACTIONS**

Not applicable.

**10.   RELATED CASES**

No related cases are pending before other Judges of this Court.

**11.   RELIEF**

*Defendants' Request*:

Defendants request that judgment be entered in their favor and against Plaintiff, and that Plaintiff's Complaint be dismissed with prejudice.

**12.   SETTLEMENT AND ADR**

The parties have held settlement discussions prior to the mediation. The parties mediated their case before the Court appointed mediator, Evelyn Hunt, Esq., on January 17, 2008. The mediation was unsuccessful.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants will consent to the appointment of a Magistrate Judge for all purposes.

**14.   OTHER REFERENCES**

Not applicable.

**15.   NARROWING OF ISSUES**

Not applicable.

**16.   EXPEDITED SCHEDULE**

Defendants believe that this is the type of case that can be handled on an expedited schedule with streamlined procedures.

**17.   SCHEDULING**

Defendants request a further Case Management Conference at this time and the scheduling issue to be deferred to that conference.

**18.   TRIAL**

Defendants request a trial date after January 2009. Defendants believe that the estimated length of the trial in this case is 2 days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

No party has filed the Certification of Interested Entities or Persons yet.  As of the date of this Case Management Conference Statement, pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:  None, other than the named parties in this action.

**20.    OTHER MATTERS**

    **A.    Protective Order**

Defendants anticipate presenting a stipulated protective order to the Court.

    **B.    Jury Demand**

Both Plaintiff and Defendants have demanded a trial by jury on those issues triable by right to a jury.

    **C.    Further Case Management Conference**

Defendants request a further Case Management Conference at this time.

Dated: March 12, 2008                **LAW OFFICES OF DANNING JIANG**

By: /s/  Danning Jiang
DANNING JIANG, Esq.
Attorneys for defendants Lee's Happy House, Cindy Wong and Ivan Wong

**PROOF OF SERVICE**

*Jiang v. Lee's Happy House, et al.*
U.S. District Court Northern District of California - Case No. C07-03606-RS

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 271 North First Street, San Jose, CA 95113,

On March 12, 2008, I served the following document(s):

**DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT**

on the interested parties in this action by placing a true and correct copy of document(s) in a sealed envelope addressed as follows:

Adam Wang, Esq.
Dal Bon and Wang
12 South First Street, Suite 613
San Jose, CA 95113                                            Fax: 408-351-0261

**(X)**     **[U.S. MAIL]** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices in the United States mailed in San Jose, California.

**( )**     **[OVERNIGHT DELIVERY]** Via Federal Express or similar overnight courier service, by depositing in a box or other facility regularly maintained by such overnight delivery service, or delivering such envelope to a courier or driver authorized by said overnight delivery service to receive documents, in an envelope designated by said overnight delivery service with delivery fees paid or provided for, addressed to the above-named persons on whom it is to be served.

**( )**     **[PERSONAL SERVICE]** I caused to be delivered by hand the above-referenced document(s) to the above-named person(s).

**( )**     **[FACSIMILE]** Via facsimile machine, I caused the above-referenced document(s) to be transmitted to the person(s) and facsimile number(s) shown above.

Executed on March 12, 2008, in San Jose, California.

**( )**     **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**(X)**     **(FEDERAL)** I declare that I was retained by the office of a member of the bar of this court at whose direction the service was made.

/s/ Phoebe Li
PHOEBE LI

1