ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 286-6619
waqw@sbcglobal.net

Attorney for Plaintiff

STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| YAO LUN JIANG,<br><br>    Plaintiff,<br><br>vs.<br><br>LEE'S HAPPY HOUSE, CINDY WONG and IVAN WONG, and DOES 1-10<br><br>    Defendants | Case No.: C07-03606 RS<br><br>PLAINTIFF'S CASE MANAGEMENT STATEMENT |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

**1.    JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiffs' claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint. There are no existing issues regarding personal jurisdiction or venue. There are no parties that remain to be served.

**2.    FACTS**

Plaintiff was employed by Lee's Happy House during the four year period prior to the filing of his Complaint. In this action, Plaintiff seeks overtime and other wage and hour claims against Defendants under the authority of both federal and California law.

The principal factual issues in dispute are:

a.  Whether Lee's Happy House, together with any other related activities, has attained $500,000 in annual revenue during plaintiff's employment;

b.  Whether Plaintiff was exempt from overtime requirement;

c.  Whether and to what extent Plaintiff has not been paid overtime to which they are entitled;

**3.  LEGAL ISSUES**

Plaintiff asserts that Defendants failed to pay them overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* Plaintiff further alleges that Defendants violated California Labor Code § 226.7 by failing to provide meal and rest periods to Plaintiffs. Plaintiff further alleges that Defendants failed to pay Plaintiff's his wages upon termination in violation of California Labor Code § 201. Finally, Plaintiff seeks restitution of overtime wages in accordance with California Business & Professions Code § 17200.

**4.  MOTIONS**

Plaintiff anticipates the filing of the following motions:

(a)  Plaintiff's Motion for Summary Judgment or Summary Adjudication;

(c)  Defendants' Motions for Partial Summary Judgment and/or Summary Judgment to dismiss claims against individual defendants;

(d)  Plaintiff's Motion for Attorney's Fees.

**5.  AMENDMENT OF PLEADINGS**

Plaintiff does not anticipate any further amendment of the Complaint.

2                                                           **C07-03606 RS**

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**
**Jiang v. Lee's Happy House et al.**

**6.    EVIDENCE PRESERVATION**

Defendants have been notified by their counsel of the obligation to preserve all electronically stored or other evidence, but it is not clear if Defendants have taken steps to do so because the business has allegedly been sold.

**7.    DISCLOSURES**

Plaintiff will provide initial disclosures by Match 19, 2008.

**8.    DISCOVERY**

Parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure.

**9.    CLASS ACTIONS**

N/A.

**10.    RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.    RELIEF**

Plaintiff has no sufficient record or information to accurately calculate damages sustained.

**12.    SETTLEMENT AND ADR**

The parties have concluded mediation.  The mediation did not result in a settlement.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Parties have field their consent to proceed before a magistrate judge for the all further proceedings.

**14.    OTHER REFERENCES**

The parties agree that that this case is not suitable for a binding arbitration and do not agree on any other reference.

**15.    NARROWING OF ISSUES**

Plaintiff does not expect narrowing of issues would be possible.

**16.    EXPEDITED SCHEDULE**

Plaintiff does not believe this case is suitable for an expedited schedule.

**17.    SCHEDULING**

The parties submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

(a)    Fact discovery cutoff on October 3 2008;

(b)    Expert reports October 17, 2008;

(c)    Expert rebuttal reports October 31, 2008;

(d)    Expert Discovery Cutoff November 28, 2008;

(e)    Last day of hearing on dispositive motion on December 3, 2008;

(f)    Trial:  January 7, 2009

(f)    The parties agree to meet and confer concerning any modifications to this plan.

**18.    TRIAL**

Parties have requested a jury trial.  Plaintiff estimates length of trial is 5 court days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Parties have no one to report other than parties themselves.

**20.    OTHER MATTERS**

None.

DATED:  March 14, 2008

By: /s/ Adam Wang
   ADAM WANG
   Attorney for Plaintiff

PLAINTIFF'S CASE MANAGEMENT STATEMENT
Jiang v. Lee's Happy House et al.