*E-FILED 3/14/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

YAO LUN JIANG

           Plaintiff,

  v.

LEE'S HAPPY HOUSE, CINDY WONG and IVAN WONG

           Defendants.

Case No. C 07-03606 RS

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Defendants move to dismiss the First Amended Complaint in this Action under both Rule 12 (b)(1) (lack of jurisdiction) and Rule 12 (b)(6) (failure to state a claim) of the Federal Rules of Civil Procedure. The Court finds this matter suitable for disposition without oral argument pursuant to Rule 7-1 (b) of the Civil Local Rules. The motion to dismiss is denied.

The Court dismissed the initial complaint in this action, with leave to amend, because plaintiff had not sufficiently alleged that defendants' business had a level of annual receipts or was engaged in interstate commerce so as to support a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The Court expressly rejected, however, defendants' arguments that the defects were *jurisdictional.* Rather, the Court concluded that any failure by plaintiff to establish that defendants were engaged in interstate commerce or that the business had

the requisite level of annual receipts would serve to defeat plaintiff's claims *on the merits*, but would not deprive the Court of jurisdiction to adjudicate the claims. See Order entered October 23, 2007 at 4:5-5-2 (citing *Arbaugh v. Y & H Corporation*, 546 U.S. 500 (2006)).

Plaintiff has now amended to allege, albeit somewhat conclusorily, that the annual receipts threshold and the interstate commerce requirement are both satisfied. Notwithstanding the Court's prior ruling that any shortcomings in plaintiff's allegations or proof as to the annual receipts or interstate commerce issues would not deprive the Court of jurisdiction, defendants again seek dismissal under Rule 12 (b)(1), and again offer declarations attempting to show that the business does not involve interstate commerce and does not have annual receipts meeting the threshold. Defendants are correct that a Court generally is not confined to the allegations of the complaint and instead may look to such extrinsic evidence when deciding a motion under Rule 12 (b)(1), but defendants have totally missed the point that even if they ultimately prove the matters asserted in the declarations they offer, that only would defeat plaintiff's claims on the merits; it would not deprive the Court of jurisdiction. Defendants have made no attempt to distinguish *Arbaugh* or otherwise to establish that this Court's prior analysis is not fully applicable to the amended complaint. Accordingly, there is simply no basis to dismiss this action under Rule 12 (b)(1) for lack of jurisdiction, even assuming the matters asserted in the declarations offered by defendants are true and not subject to dispute.

The prong of defendants' motion under Rule 12 (b)(6) makes the peculiar assertion that the complaint should be dismissed because "plaintiff is unable to prove any set of facts in support of his claim." On a motion to dismiss under Rule 12 (b)(6) the issue is not what plaintiff has or will be able to prove, but whether the allegations, which are presumed true, are sufficient. *See Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Apart from their reference to proof, defendants appear to be arguing that the complaint is too vague in its allegations that Lee's Happy House "together with other related activities" realized annual gross revenues above the statutory threshold. Although, as noted, the allegations are somewhat conclusory, they are sufficient to give defendants the fair notice under Rule 8 of the Federal Rules

of Civil Procedure of what plaintiff is claiming.[1]  Any uncertainty or ambiguity as to what plaintiff believes the "other related activities" to be is something to be resolved through the discovery process.

Additionally, although presented as an argument regarding "ambiguity," the real thrust of defendants' contentions is that, in their view, plaintiff's allegations are "pure invention," which will not survive when actual evidence of defendants' financial evidence is presented.  Even assuming that eventually proves to be the case, it is not a basis for dismissal at the pleading stage.[2]  Accordingly, the amended complaint is not subject to dismissal under Rule 12 (b)(6).

---

[1] Plaintiff repeatedly asserts that dismissal under Rule 12 (b)(6) is inappropriate unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Opposition at 3:4-6;5:4-6 (citing *Terracom v. Valley National Bank* 49 F.3d 555, 558 (9th Cir. 1995).  The language quoted by plaintiff originated in *Conley v. Gibson*, 355 U.S. 41 (1957).  As expressly noted in the order on the first motion to dismiss in this action, the Supreme Court has rejected that formulation of the applicable standard.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007).

[2] At the hearing on the first motion to dismiss and in the prior order, the Court cautioned plaintiff that he should attempt to replead the FLSA claim only if there was a good faith basis to do so based on a reasonable investigation and analysis of the facts and the law.  The Court is concerned that the factual underpinning of the claim remains tenuous, at best. Plaintiff has a continuing duty to dismiss the claim should it become apparent in the discovery process that it is not legally tenable under all the circumstances.

1   The motion to dismiss, therefore, is DENIED. Defendants shall file an answer to the
2   amended complaint within 20 days of the date of this order. The case management conference set
3   for March 19, 2008 is CONTINUED to April 23, 2008 at 2:30 p.m. The parties shall file a *joint*
4   case management conference statement in advance of that conference in conformance with the
5   Civil Local Rules.
6   IT IS SO ORDERED.
7   Dated: March 14, 2008

_____
RICHARD SEEBORG
United States Magistrate Judge